UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

YENISLEIDYS ALFONSO RUIZ,   )
             )
     Petitioner,   )
             )
     v.     )  No. 4:26-cv-00151-TWP-KMB
             )
TAMMY MARICH Acting Director, Chicago )
Field Office, Immigration and Customs  )
Enforcement, in her official capacity, *et al.*, )
             )
     Respondents.  )

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Yenisleidys Alfonso Ruiz Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Ms. Alfonso Ruiz, a noncitizen of the United States, challenges the lawfulness of her continued detention at the Clark County Jail, where she is detained on behalf of U.S Immigration and Customs Enforcement (ICE). For the reasons stated in this Order, Ms. Alfonso Ruiz's Petition is **granted** in that the Respondents are ordered to either afford her a bond hearing or release her from custody.

## I.   FACTS

Ms. Alfonso Ruiz is a Cuban citizen and national. She entered the United States on August 22, 2021, near Del Rio, Texas. She did not enter through a port of entry. (Dkt. 6-1 at 12). Border Patrol agents apprehended Ms. Alfonso Ruiz the day she entered the United States and immigration officials deemed her inadmissible and initiated removal proceedings. *Id.* at 12, 14–16. However, they did not detain Ms. Alfonso Ruiz. They permitted her to enter the United States.

On July 20, 2025, Following an encounter with local law enforcement in Indianapolis, Indiana, Immigration and Customs Enforcement ("ICE") took Ms. Alfonso Ruiz into custody,

notified ICE and confined her at the Clark County Jail. (Dkt. 6-1 at 12). ICE officials placed a detainer and issued an administrative warrant "command[ing]" that she be taken into federal custody under 8 U.S.C. § 1226. *Id.* at 8, 12. Ms. Alfonso Ruiz entered ICE custody on July 23, 2025, and remains in ICE custody at the Clark County Jail. *Id.* at 11.

On October 7, 2025 an immigration judge ordered Ms. Alfonso Ruiz removed. (Dkt. 1-1). She promptly filed an appeal with the Board of Immigration Appeals. (Dkt. 1-3). The appeal remains pending. Ms. Alfonso Ruiz remains detained and she has not received a bond hearing.

## II.    ANALYSIS

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ms. Alfonso Ruiz asserts that her continued detention violates the Fifth Amendment's Due Process clause. The Respondents answer that the Immigration and Nationality Act (INA) requires the government to detain her through the conclusion of her removal proceedings and that there is no due process violation.

The record reflects that Ms. Alfonso Ruiz is not subject to mandatory detention as the Respondents argue, rather, she is statutorily eligible for discretionary release on bond. Therefore, the Court grants Ms. Alfonso Ruiz's petition to the extent it orders the Respondents to afford her a bond hearing or release her from detention. Because she is eligible for relief under the statute, the Court does not reach her due-process argument.

### A.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v.*

2

*Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

> Section 1226(a) provides:
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> >
> > (B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

3

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.    Ms. Alfonso Ruiz's Detention Is Authorized by § 1226(a)**

The record reflects that Ms. Alfonso Ruiz's detention is authorized by § 1226(a), not § 1225(b)(2) as the Respondents insist. As discussed further below, this makes her eligible for a bond hearing, and her continued detention without a bond hearing violates the INA.

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Alfonso Ruiz who have lived in the interior of the United States for years. *See Mohammed v. Olson*, No. 1:25-cv-02404-TWP-MKK, 2025 WL 3541819, at *3–5 (S.D.

Ind. Dec. 10, 2025). As the Court has previously explained, the Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See Alejandro v. Olson*, *Alejandro v. Olson*, 817 F. Supp. 3d 672, 681–85 (S.D. Ind. 2025).

In *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th 1048, 1061 (7th Cir. 2025) (*Castañon-Nava I*). This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The Respondents urge the Court to deviate from its previous decisions. They support that position with citations to numerous decisions upholding the government's interpretation of § 1225(b)(2)(A), including two recent circuit court decisions: *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

In *Buenrostro-Mendez*, the Fifth Circuit found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. In *Avila*, the Eighth Circuit similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th 1128, 1135 (8th Cir. 2026).

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

In contrast, three circuit courts have rejected the Respondents' expansive interpretation of § 1225 in recent weeks and embraced reasoning similar to the Seventh Circuit's in *Castañon-Nava I. See Lopez-Campos, et al. v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026);[2] *Hernandez Alvarez v. Warden*, et al., 175 F.4th 1258 (11th Cir. 2026);[3] *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026).[4]

The Court is not convinced that the Seventh Circuit will depart from *Castañon-Nava I* (and disagree with the Second, Sixth, and Eleventh Circuits) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava I* as persuasive precedent.[5]

Furthermore, the Respondents' legal reasoning cannot be reconciled with the government's treatment of Ms. Alfonso Ruiz. When Ms. Alfonso Ruiz entered the United States, the government promptly apprehended her and initiated removal proceedings but did not subject her to mandatory detention as the Respondents now argue the law requires. When the government arrested her a year

---

[2] "We therefore find that an 'applicant for admission' is not necessarily 'seeking admission.' Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226." *Id.* at 732.

[3] "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. Nowhere in the text, structure, or history of the INA does that reading find steady footing. We are obliged to read the words found in the statute—'an alien who is an applicant for admission' and 'an alien seeking admission'—in line with the meaning Congress has given them. When we do so, it appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at 1285.

[4] "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive. . . . [B]ecause Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at 72–73.

[5] The Seventh Circuit has also issued its merits ruling in *Castañon-Nava*, 175 F.4th 828 (7th Cir. 2026) (*Castañon-Nava II*). The ultimate issue in *Castañon-Nava* was ICE's compliance with a consent decree prohibiting it from arresting noncitizens without warrants. While one judge reaffirmed the § 1225-1226 analysis that resolved the preliminary injunction motion, one reaffirmed his dissent from that analysis, and one found the § 1225-1226 issue was not necessary to resolve the case on the merits. Accordingly, *Castañon-Nava I*'s preliminary injunction ruling remains persuasive authority as the only Seventh Circuit panel decision on the § 1225-1226 issue.

ago, it did so subject to a warrant explicitly authorizing her detention pursuant to § 1226. The government cannot now plausibly maintain that she is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

In sum, the record demonstrates that Ms. Alfonso Ruiz's detention is authorized only by § 1226(a), entitling her to consideration of bond.

**C.      Scope of Relief**

By statute, Ms. Alfonso Ruiz is eligible for release on bond under § 1226(a), but she has not received a bond hearing. Her continued detention without a bond hearing therefore violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Ms. Alfonso Ruiz argues at length that immediate release is the only appropriate remedy given the amount of time she has been detained. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Ms. Alfonso Ruiz argues—and the Court agrees—that she is detained under the authority of § 1226(a), which allows the government to "continue to detain" her. 8 U.S.C. § 1226(a)(1); *see* dkt. 9 at 5. Ms. Alfonso Ruiz's custody is not—and never has been—unlawful for the reason that the government lacked authority to detain her. Rather, her custody is unlawful only to the extent she has been deprived of the bond hearing that the law requires. Indeed, Ms. Alfonso Ruiz argues: "PETITIONER'S

PROLONGED DETENTION *WITHOUT AN INDIVIDUALIZED BOND HEARING* VIOLATES THE FIFTH AMENDMENT." Dkt. 1 at 10 (capitalization in original; emphasis added).

The length of Ms. Alfonso Ruiz's confinement does not change the analysis. Section 1226 does not place a time limit on detention. Her liberty interest is no different today than it was the day she was arrested. Perhaps she suffers a greater infringement on that interest today than she did a year ago, but the reason is that she still has not been granted a bond hearing as the law requires—not that she is in custody as the law permits. Additionally, no evidence in the record suggests that Ms. Alfonso Ruiz has requested a bond hearing and been denied. A bond hearing is sufficient to vindicate her rights.

The Court is mindful that Ms. Alfonso Ruiz does not expressly seek relief under § 1226. However, she opposes the Respondents' argument that she is lawfully detained under § 1225(b)(2). Dkt. 9 at 2–5. In doing so, she asks the Court to "conclude that [her] detention arises under § 1226(a)." *Id.* at 5. And she acknowledges throughout her briefing that her detention is unlawful because she has not received a bond hearing, not that the government has ever lacked authority to detain her. *See* dkt. 1 at 10; *see also* dkt. 9 at 5 ("[T]he Court is left with the constitutional question presented by this case: whether the Government may continue to imprison Petitioner after nearly a year of detention *without meaningful custody review*.") (emphasis added). Therefore, the Court grants Ms. Alfonso Ruiz's Petition and orders the Respondents to afford her a bond hearing or release her from custody.

## D.    Remaining Claims

Because the Court has found that Ms. Alfonso Ruiz's detention violates the INA, it need not reach her claim that her detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary

8

constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

### III.   CONCLUSION

The Petition for Writ of Habeas Corpus Dkt. [1] is **GRANTED in part** and **DENIED in part**. It is **granted** insofar as the Respondents will have **ten days** from the date of this Order[6] to either (1) provide Ms. Alfonso Ruiz with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations, or (2) release her from detention under reasonable conditions of supervision. If the Respondents hold a bond hearing, the attorney general is ordered to notify Ms. Alfonso Ruiz's counsel of the scheduling of the bond hearing. Respondents must file documentation certifying that they have either provided the bond hearing or released Ms. Alfonso Ruiz within **three days** after the hearing or her release, whichever is applicable. The Petition is **denied** to the extent it seeks immediate release. Final judgment is entered separately.

**IT IS SO ORDERED.**

Date: 6/30/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Matthew Charles Conway
The Conway Law Office, PLLC
mconwaylaw@yahoo.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov

---

[6] This deadline may be modified without need for Court involvement upon agreement by Ms. Alfonso Ruiz and the federal Respondents.

9